SMITH v. VAN OSTRAND.

*Will — construction of — when bequest over void.*

A will contained this: " I give to my wife $1,650 in lieu of dower in my real estate for her support during her natural life, or so long as she remains my widow ; then her said dower shall be transferred to my three children hereinafter mentioned." The will directed $50 to be paid to her immediately upon testator's decease, and the remainder six months thereafter.    *Held,* that the widow took absolute title to the $1,650, and the bequest over was void.

MOTION by plaintiffs for a new trial upon a case and exceptions ordered to be heard in the first instance at the general term, after a nonsuit at the circuit.

The action was brought by Josiah S. Smith and others, children of Garret I. Smith, deceased, and legatees, under his last will and testament, against Jacob Van Ostrand, to recover moneys which

were alleged to be in possession of defendant, and which were claimed to have been bequeathed to plaintiffs by the following clause in the last will and testament of said Garret I. Smith:

" I give and bequeath unto my beloved wife Catharine the sum of $1,650 in lieu of dower in my real estate for her support during her natural life, or as long as she remains my widow; then her said dower shall be transferred to my three children hereafter mentioned. Fifty dollars of the above-named sum shall be paid her as soon as practicable after my decease and the remainder on or about six months after."

The plaintiffs were given certain real estate and the remainder of testator's personal estate after payment of funeral expenses. Such other facts as are material fully appear in the opinion.

*Halbert & Eckersen,* for appellant.

*S. R. Ten Eyck,* for respondent.

MULLIN, P. J. Garrett I. Smith died on or about the 1st of January, 1866, leaving a last will, wherein and whereby he gave to his widow $1,650 in lieu of dower in his real estate, for her support during her natural life, or as long as she remained his widow, then her dower should be transferred to his three children. Fifty dollars of the said sum were to be paid to her as soon as practicable after his decease, and the remainder in about six months. He also gave such articles of furniture in his house as she should choose, with permission to dispose of it by will, to whom she chose. He also gave her the use of his dwelling-house for six months after his decease, and necessary provisions for her support and comfort, to be provided out of his estate.

The widow received from the estate of her husband the $1,650 bequeathed to her, and she invested the greater part of it in bonds of the United States, which she kept during her life. She died the 1st of October, 1869.

The defendant obtained possession of said bonds after the death of the widow, and had part of the same in his possession when this action was brought.

The plaintiffs are the sons of Garrett I. Smith, the testator, to whom, by his will, the dower of said widow was to be transferred on her death. They bring this action to recover the said $1,650

as legatees thereof, under the will of their father. The complaint sets forth the facts above stated.

The defendant, in his answer, alleges that the plaintiff had no interest in the aforesaid sum of $1,650, but insists that by the will of said Garrett I. Smith, said sum was given to her absolutely; that during her life she invested the sum of $1,500 in bonds of the United States — that she used $500 of said $1,500 during her life, together with interest on the whole of said sum; that plaintiffs received $200 of said sum of $1,650; that at the death of the widow there remained of said sum $800, the greater part of which was owing for her support and maintenance. The answer further alleged that on the 24th of February, 1869, said widow made a last will, by which she bequeathed to her niece, Christiana Van Ostrand, all property left by her, and appointed the defendant executor of said will; that on or about the 16th of April, 1870, said will was duly proved before the surrogate of Bergen county, New Jersey, and letters testamentary duly issued to the defendant; that defendant received as executor, $916.17, assets belonging to the said estate; . that he applied all of said sum, except $260.82, to pay for the support of said testatrix, funeral expenses, and the expense of administering said estate, and that the said sum of $260.82 he paid over to the legatee named in her will. The defendant denies that he was the custodian of said bonds, or that the plaintiff ever demanded the same of him.

On the trial of the action at the Seneca circuit, the plaintiffs proved the will of said Garrett I. Smith. Thereupon the defendant's counsel moved that the plaintiffs be nonsuited on the ground that the complaint did not state a cause of action for the following reasons : 1st. By the will the widow was vested with the absolute title and ownership of the money bequeathed to her by said will. 2d. That if the widow took but a life estate in the money bequeathed to her by said will, yet as it was personal property upon her death, it would go back into the hands of the executors named in said will to be by them distributed as directed by the will, and they are the only parties that can maintain an action to recover said moneys. The court granted the motion and nonsuited the plaintiffs; to which ruling and decision plaintiffs' counsel excepted. The court ordered the exceptions to be heard in the first instance at the general term.

It is well settled that a gift for life of things *qui ipso non con-*

*sumunter* as corn or wine, *if specific*, is a gift of the property, but if residuary the things must be sold, and the interest of the produce paid to the legatee for life. Dayton on Surrogates, 450.

It was held in *Covenhoven* .v. *Shuler*, 2 Paige, 132, that when there is a general bequest of a residue for life with remainder over, although it includes things which are and which are not such as are consumed in the use as well as other property, the whole must be sold and converted into money by the executor, and the proceeds must be invested in permanent securities and the interest or income only paid to the legatee for life.

Indeed, the general rule is that where there is a bequest of the whole of the testator's personal estate, or of the residue thereof after the payment of debts and legacies to one person for life, with the remainder over to others after the termination of the life estate therein, the whole must be converted into money and invested in permanent securities by the executor, and the income paid over to the person entitled to the life estate.

When the bequest to the legatee for life is specific the legatee in remainder is not entitled to have the property converted notwithstanding, by reason of its being a decreasing fund, the legacies over may altogether fail. Dayton on Surrogates, 452.

The legacy to the wife was a general and not a specific legacy, and being payable out of the estate after the debts, specific legacies and expenses of administration were paid, it was a residuary legacy (Dayton on Surrogates, 418), and money, as is known of all men, is a species of property that is consumed in the use.

These rules of law being established we may now enter upon the construction of the clause of the will which gave the legacy to the widow and the plaintiff.

It is manifest by the bequest of the $1,650 to plaintiff on the death of the widow, that it was not the intention of the testator to vest the title to the fund absolutely in the widow, and if she got such a title it was in defiance of his intention.

It is said by EMOTT, J., in *Rapalye* v. *Rapalye*, 27 Barb. 610, 614 : " When there is a specific bequest for life of chattels, or the use of chattels which are consumed in the use, the better opinion would seem to be that a bequest over is void, and that the person to whom they are given for life takes an absolute interest." The legacy in this case, not being a specific one, is not strictly within the principle stated by the learned judge, but it seems to me it is so nearly

being specific that the wife should be held to have taken an absolute title to it, and hence the bequest over is void.

The will required the executor to pay over the money within six months to the wife; it was intended to be used for her support; the income of the legacy would have been so trifling as to be of no value to her. Nothing but the use of the fund could be of any appreciable value to her. The will would admit of the construction that the widow should take the fund and use so much of it as was necessary for her support during life, and the plaintiff be entitled to what should then remain of it. This, I think, would give effect fully to the intention of the testator, and to all the clauses of the will, but I do not find any case authorizing such a construction.

The judgment is affirmed.

*Judgment affirmed.*